**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stow Away Storage, LLC, and MSC MTP, LLC, Respondents,

v.

George W. Sisson, 4.0 LLC, The Sisson Foundation Limited Partnership, Sweetgrass Hardware, Inc., and Timarand, Inc., Defendants,

Of whom George W. Sisson, 4.0 LLC, The Sisson Foundation Limited Partnership, and Sweetgrass Hardware, Inc. are the Appellants.

Appellate Case No. 2014-000155

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-014
Heard October 15, 2015 – Filed January 13, 2016

**AFFIRMED**

George Hamlin O'Kelley, III, Buist Byars & Taylor, LLC, of Mount Pleasant, for Appellants.

G. Dana Sinkler, Gibbs & Holmes, of Wadmalaw Island,
for Respondent.

————————————

**PER CURIAM:**  George W. Sisson, 4.0 LLC, the Sisson Foundation Limited Partnership, and Sweetgrass Hardware, Inc. appeal the trial court's granting of an injunction to Stow Away Storage, LLC.  We affirm the order on appeal pursuant to Rule 220(b), SCACR, and the authorities listed below, and remand for further proceedings.  *See Rhett v. Gray*, 401 S.C. 478, 489, 736 S.E.2d 873, 879 (Ct. App. 2012) (stating "the determination of the scope of [an] easement is a question in equity" and this court "may find facts in accordance with its views of the preponderance of the evidence"); *Rhett*, 401 S.C. at 490, 736 S.E.2d at 879 ("A grant of an easement is to be construed in accordance with the rules applied to deeds and other written instruments." (quoting *Binkley v. Rabon Creek Watershed Conservation Dist. of Fountain Inn*, 348 S.C. 58, 71, 558 S.E.2d 902, 909 (Ct. App. 2001))); *Binkley*, 348 S.C. at 67, 558 S.E.2d at 906-07 (providing a court must determine the extent of an easement by examining the language of the easement); *Binkley*, 348 S.C. at 67, 558 S.E.2d at 907 ("Clear and unambiguous language in grants of easement must be construed according to terms which parties have used, taken, and understood in [the] plain, ordinary, and popular sense." (alteration in original)); *Rhett*, 401 S.C. at 493, 736 S.E.2d at 881 ("[T]he owner of the easement cannot materially increase the burden of the servient estate or impose thereon a new and additional burden." (alteration in original)); *Rhett*, 401 S.C. at 494, 736 S.E.2d at 881 ("If an easement is appurtenant to a particular parcel of land, any extension thereof to other parcels is a misuse of the easement.").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**